**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>WILLIE BURNS, *et al*.,<br><br>             Defendants. | Criminal Action No. 24-cr-255 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court are Defendants Willie Burns ("Burns") and Doniesha Coar's ("Coar") (collectively, "Defendants") omnibus pre-trial motions. (ECF Nos. 32, 33.) Plaintiff United States of America ("Government") opposed both motions. (ECF No. 37.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, Defendants' omnibus pre-trial motions are **GRANTED *in part***.

I.    **BACKGROUND**[1]

Starting in January 2024, the Jersey City Police Department investigated Defendants' involvement in a series of retaliatory gang shootings. (Crim. Compl. at *5.[2]) Police were "familiar with" Defendants based on their alleged gang membership. (*Id.*) On February 8, 2024, Jersey City Police officers attempted to stop a black Range Rover registered to Coar. (*Id.*) Coar slowed down,

---

[1] The facts come from the criminal complaint filed against Defendants (Criminal Compl., ECF No. 1), which the Court may rely on to review a suppression motion. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.") (citing *United States v. Matlock*, 415 U.S. 164, 173 (1974)).

[2] Pincites preceded by an asterisk (*) indicate pagination according to CM/ECF headers.

ran through a red light, and drove into a gas station. (*Id.*) Officers saw Burns put something inside the backseat center armrest as they approached the Range Rover. (*Id.*)

Coar admitted she had cocaine on her person, which officers found in her jacket pocket. (*Id.*) Coar was then arrested. (*Id.*) In the driver's side door, officers saw "a red tinted medicine bottle with the label torn off, which appeared to contain promethazine with codeine." (*Id.*)

Officers towed the Range Rover and applied for a search warrant, which a New Jersey Superior Court judge granted the next day. (*See id.*; Search Warrant, ECF No. 37-1.) A search of the Range Rover uncovered more bottles of promethazine, marijuana, and two loaded handguns, one under the driver's seat and the other (which had a defaced serial number) in the backseat center armrest. (Crim. Compl. at *5-6.) Burns previously served five years in prison for aggravated assault, unlawful possession of a firearm, and possession of controlled substances. (*Id.* at *6.)

Police arrested Burns on February 10, 2024. (*Id.*) The Government filed a three-count criminal complaint against Defendants ten days later. (*See id.*) Count One charged Burns with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*Id.* at *2.) Count Two charged Coar for possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(C). (*Id.* at *3.) Count Three charged Coar with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.* at *4.) Two months later, a grand jury indicted Defendants on the same three counts. (Indictment, ECF No. 17.)

## II.      **DISCUSSION**

Defendants filed separate omnibus pre-trial motions. Burns moves to suppress the handgun found in Coar's Range Rover, arguing he did not consent to the search of the Range Rover, and requests an evidentiary hearing. (Burns Moving Br. at 4-6, ECF No. 32.) Burns also moves to compel the disclosure of *Brady* and *Giglio* evidence, *Jencks* materials, 404(b) evidence, expert

discovery, and the names of witnesses who testified before the grand jury. (*Id.* at 6-11.) He also seeks a hearing on the admissibility of his prior convictions and requests leave to file additional pre-trial motions if needed. (*Id.* at 11-12.)

Coar notes she intends to file her own motion to suppress but cannot do so absent additional discovery. (Coar Moving Br. at 3, ECF No. 33.) She claims "[t]he government made a good faith effort to provide the discovery, but it was provided in a medium that neither counsel could open nor view."[3] (*Id.*) Coar moves to compel the disclosure of: *Brady* and *Giglio* evidence, *Jencks* materials, 404(b) evidence, expert discovery, and, under Federal Rule of Criminal Procedure[4] 16, every item the Government intends to use in its case in chief. (*Id.* at 3-13.) Coar joins Burns' request for disclosure of grand jury witnesses, a pretrial hearing on the admissibility of prior convictions, and leave to file additional pre-trial motions if needed. (*Id.* at 13-14.)

### A.      Burns' Motion to Suppress

#### i.            *Request for an Evidentiary Hearing*

The Court "may" schedule an evidentiary hearing on a pretrial motion. Fed. R. Crim. P. 12(c)(1). The party seeking an evidentiary hearing must "(1) state a colorable legal claim, (2) identify facts material to that claim, (3) show why the facts are disputed, and then (4) request a hearing to resolve the dispute." *United States v. Hines*, 628 F.3d 101, 108 (3d Cir. 2010). The motion must be "sufficiently specific, non-conjectural, and detailed to enable the [C]ourt to conclude" the defendant has raised material facts related to his constitutional claim. *Id.* at 105; *see also United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996).

---

[3] The Government states it "is working with [Coar's] counsel to remedy the issue expeditiously." (Gov't Opp'n Br. 7, ECF No. 37.)

[4] "Rule" or "Rules" hereinafter refer to the Federal Rules of Criminal Procedure.

Here, Burns states only that "[t]here are disputed facts in this case that are material." (Burns Moving Br. at 6.) He has not identified, however, what the facts are or why they are material or disputed. The Court thus **denies** Burns' request for an evidentiary hearing.

  *ii.*  *Suppression Motion*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search or seizure is generally reasonable if it was conducted with "a warrant based upon probable cause." *United States v. Bey*, 911 F.3d 139, 144-45 (3d Cir. 2018) (quoting *United States v. Brown*, 448 F.3d 239, 244 (3d Cir. 2006)). Conversely, a search or seizure without a warrant is "presumptively unreasonable" unless the Government shows, by a preponderance of the evidence, that each action constituting a search or seizure falls within an exception to the warrant requirement. *Id.* at 145.

"[T]he Fourth Amendment protects people, not places." *Katz v. United States*, 389 U.S. 347, 351 (1967). To invoke the Fourth Amendment's protections, a person must have "a reasonable expectation of privacy in the property searched and the item seized." *United States v. Shabazz*, 533 F. App'x 158, 162 (3d Cir. 2013) (quoting *Minnesota v. Olson*, 495 U.S. 91, 95-97 (1990)). That expectation must be both subjectively and objectively reasonable. *See Kyllo v. United States*, 533 U.S. 27, 33 (2001) ("A Fourth Amendment search does not occur . . . unless 'the individual manifested a subjective expectation of privacy in the object of the challenged search,' and 'society [is] willing to recognize that expectation as reasonable.'" (alteration in original) (citation omitted)). Consequently, "[i]t is clear that a passenger in a car that he neither owns nor leases typically has no standing to challenge a search of the car." *United States v. Baker*, 221 F.3d 438, 441-42 (3d Cir. 2000). *See also Rakas v. Illinois*, 439 U.S. 128, 134 (1978) *abrogated in part on other grounds by Minnesota v. Carter*, 525 U.S. 83 (1993) ("A person who is aggrieved by an illegal search and

seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.").

Burns has no reasonable expectation of privacy in Coar's Range Rover, a car he neither drove nor owned. The Fourth Amendment does not protect him against the search of the Range Rover. Accordingly, the Court **denies** Burns' motion to suppress the handgun.[5]

### B. Defendants' Discovery Motions

#### i. Brady and Giglio Evidence

The Supreme Court's decision in *Brady v. Maryland*, 383 U.S. 83, 87 (1963), "requires prosecutors to affirmatively disclose evidence that is favorable to a defendant to his counsel." *Rega v. Sec'y, Pa. Dep't of Corr.*, 115 F.4th 235, 241 (3d Cir. 2024). Under *Giglio v. United States*, 405 U.S. 150, 154 (1972), "the government must disclose materials that go to the question of guilt or innocence as well as materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Friedman*, 658 F.3d 342, 357 (3d Cir. 2011) (quoting *United States v. Milan*, 304 F.3d 273, 287 (3d Cir. 2002)). *Brady* and *Giglio* evidence must be disclosed "in time for its effective use at trial." *United States v. Mangan*, 747 F. Supp. 3d 740, 747 (D.N.J. 2024) (citation omitted). District courts have discretion "to order the pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system." *Id.* (quoting *United States v. Giampa*, 904 F. Supp. 235, 281 (D.N.J. 1995)).

Here, the Government acknowledges it has and will continue to comply with its *Brady*/*Giglio* obligations. (*See* Gov't Opp'n Br. at 7, ECF No. 37.) Defendants have not provided any facts to the contrary. Accordingly, the Court **denies** Defendants' motions to compel

---

[5] Even if Burns had standing to contest the search, his challenge would still fail. Police had a warrant to search the Range Rover. Searches based on warrants supported by probable cause are generally reasonable. *Bey*, 911 F.3d at 144-45. And Burns does not challenge the warrant itself.

*Brady*/*Giglio* disclosures. *See Mangan*, 747 F. Supp. 3d at 747 (denying motion to compel *Brady*/*Giglio* evidence where government acknowledged it had and would continue to comply with both obligations).

> ii.    *Jencks Materials and 404(b) Evidence*

"The Court generally determines the dates for disclosure of Rule 404(b) and Jencks Act materials after a final pre-trial conference between the parties." *Id.* at 746 (quoting *United States v. Edwards*, No. 20-572, 2024 WL 1620311, at *3 (D.N.J. Apr. 15, 2024)). "Pursuant to the District of New Jersey's Standing Order 15-2 ¶ 17, the final pretrial conference should occur 'no sooner than two weeks following the disposition of pretrial motions.'" *United States v. Mix*, No. 24-741, 2025 WL 2731379, at *26 (D.N.J. Sept. 25, 2025). Because the Court has not yet scheduled a final pretrial conference, the Court **denies** Defendants' motions to compel the early disclosure of Jencks Act materials and 404(b) evidence.

> iii.    *Grand Jury Materials*

Burns seeks disclosure of the names of witnesses who testified before the grand jury under Rule 6(e)(3)(E)(i) and general principles of due process. (Burns Moving Br. at 9). Coar joins his request. (Coar Moving Br. at 14.)

"It is settled federal policy that the grand jury system requires secrecy of grand jury proceedings." *In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir. 1982). Rule 6(e) preserves "secrecy by preventing the disclosure of matters occurring before a grand jury." *Id.* Rule 6(e) is "designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." *Id.* (quoting *In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980)). Accordingly, Rule 6(e) bars the direct or indirect disclosure of "anything which may reveal what occurred before the grand jury." *Id.*

6

But grand jury secrecy is not absolute. The Court may disclose grand jury materials "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The party seeking disclosure "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). This is a high bar. The party seeking disclosure must make "a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983).

Burns does not make a strong showing of particularized need for the names of witnesses who testified before the grand jury. He claims the information is necessary to "learn whether all those who testified in support of his indictment testified at trial." (Burns Moving Br. at 9.) Burns further opines that, if some grand jury witnesses do not testify at trial, he could "evaluate whether that witness possesses any favorable or useful information and whether to request an adverse inference instruction." (*Id.*)

But Burns' arguments "fall short of proof that without the [names of grand jury witnesses] a defense would be greatly prejudiced or that without reference to it an injustice would be done." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). While the names of grand jury witnesses would undoubtedly be useful to Burns, it does not outweigh the need for secrecy. The Court must "consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil Co.*, 441 U.S. at 222. "Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its

duties." *Id.* And, in cases like this one, which arose out of an investigation into retaliatory gang shootings, "[c]oncern as to the future consequences of frank and full testimony is heightened." *Id.*

Accordingly, the Court **denies** Burns' request for the names of witnesses who testified before the grand jury.

### iv.    Expert Discovery

Burns requests "all scientific and expert reports or test results, as well as a summary of the testimony which the government intends to introduce through any expert witness." (Burns Moving Br. at 10.) Coar states "[i]t is unknown at this time whether the government will seek to introduce testimony of any experts," but requests reports, results, and summaries if the Government calls any experts. (Coar Moving Br. at 12.) The Government, meanwhile, "contemplates presenting expert testimony that the firearms at issue are operable, or may readily be converted to be operable, that the firearm attributed to Mr. Burns affected interstate commerce, and that the drugs at issue were in fact controlled substances." (Gov't Opp'n Br. at 12.) But the Government assures it "will provide expert reports and accompanying information with sufficient notice prior to trial." (*Id.*) Accordingly, the Court **denies** Defendants' motions without prejudice.

### v.    Rule 16 Discovery

Coar requests the Government immediately produce and/or identify "any document, photograph, video, building, place or document that the government intends to use in its case-in-chief at trial." (Coar Moving Br. at 12.) The Government argues Coar essentially requests the Government's exhibit list; Rule 16 does not require the immediate disclosure of the Government's exhibit list; the request is premature because a trial date has not been set; and once a trial date is set, the Government will disclose its witness list. (Gov't Opp'n Br. at 13-14.) The Court agrees that the request is premature, and Coar has not demonstrated the Government will not abide by its

Rule 16 obligations or fail to disclose the exhibit list. Accordingly, the Court **denies** Coar's request as premature.

### vi.    *Rule 609 Hearing*

Burns requests an evidentiary hearing to determine the admissibility of his prior convictions under Federal Rule of Evidence 609. (Burns Moving Br. at 11.) The Government "does not oppose [the request] in principle" but argues such a hearing should take place closer to trial and the request should be denied as premature. (Gov't Opp'n at 12.) The Court agrees that such a hearing should take place closer to trial and denies Burns' request without prejudice.

### vii.    *Leave to File Additional Motions*

Defendants request leave to file additional motions based on newly filed evidence. The Government does not oppose. The Court, therefore, **grants** the motion so long as any additional motion is based on future discovery or newly discovered information.

## III.    CONCLUSION

For the foregoing reasons, Defendants' omnibus pre-trial motions (ECF No. 32 (Burns); 33 (Coar)) are **GRANTED** *in part*. Burns' motion to suppress and request for a Rule 609 hearing are **DENIED** *without prejudice*. Defendants' motions to compel the immediate production of *Brady/Giglio* evidence, Jencks Act materials, 404(b) evidence, the identities of grand jury witnesses, expert discovery, and the Government's exhibit list are **DENIED**. Defendants' requests for leave to file additional motions based on newly discovered evidence are **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED:**   2/26/2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

9